UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT BRIDGES                                              CIVIL ACTION

VERSUS                                                      NO. 07-2987

UNITED STATES OF AMERICA                                    SECTION: "C" (4)

### ORDER

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Rec. Doc. 29. Considering the arguments of parties, the facts of the case, and the applicable law, this Court DENIES defendant's motion for the reasons below.

### I. BACKGROUND

In his petition, Robert Bridges ("Plaintiff") alleges that on September 9, 2005 he was walking on the sidewalk near Julia Street in New Orleans, Louisiana when he was attacked by a police dog. Plaintiff described the attack as unwarranted and unprovoked and he claims to have sustained injuries that required him to visit the emergency room.[1] After the Department of

---

[1] As a result, Plaintiff filed suit on June 8, 2006 alleging that the police officers, who were working under the authority of the Department for Homeland Security ("DHS"), deprived him of his privileges and immunities guaranteed by the Fourth, Fifth and Seventh Amendments of the United States Constitution. No. 06-2983. Plaintiff also sought damages for physical and mental pain, and his claims of excessive force, brutality, unlawful detainment, arrest and assault and battery under Louisiana tort law. The DHS responded by filing a motion to dismiss for lack of subject matter jurisdiction. This Court ruled that Plaintiff's constitutional claims against the DHS were barred by sovereign immunity. (06-2983, Rec. Doc. 13, p. 3). Additionally, the Court dismissed his claim without prejudice for failure to exhaust his administrative remedies under

Homeland Security denied his Federal Tort Claims Act claim, Plaintiff initiated this suit by filing a complaint.

The moving defendant asserts that Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6); and for failure to demonstrate a genuine issue of material fact under Fed. R. Civ. P. 56(e).  The defendant claims it is entitled to judgment as a matter of law on because the Department for Homeland Security ("DHS") did not have any police dogs under their care, custody, or control in New Orleans at the time of the incident.

Plaintiff claims that the motion cannot be granted because the accompanying affidavit is inadmissible because it is based on hearsay. Second, Plaintiff argues that the DHS was in charge of the entire police operation, and that part of his complaint is that DHS failed to properly monitor and supervise the use of police dogs.

**II. ANALYSIS**

**A. Motion to Dismiss:**

Defendants seek a dismissal of the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996).  "[N]o presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and

---

the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*. ("FTCA").  *Id.* at 5.  Plaintiff filed an administrative complaint with the DHS, which was denied on May 14, 2007. Plaintiff then filed his complaint in the instant matter.

the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez v. Department of Navy,* 392 F.3d 147, 149 (5th Cir. 2004).

"However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, the trial court must assume jurisdiction and proceed to the merits of plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id*; *see also Irwin v. U.S.*, 2007 WL 2727253, 2 -3 (N.D.Miss. 2007). In this case, defendant alleges plaintiff has not provided sufficiently particularized evidence of the tortfeasor to invoke this Court's jurisdiction under the FTCA. "[W]e follow our general rule in holding that a jurisdictional attack intertwined with the merits of an FTCA claim should be treated like any other intertwined attack, thereby making resolution of the jurisdictional issue on a 12(b)(1) motion improper." *Montez*, 392 F.3d at 150.

Nor is it proper to decide this motion under a Rule 12(b)(6) standard.[2] In deciding a motion for failure to state a claim under 12(b)(6), "if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). In this case, the

---

[2] In its reply memo, defendant raises a new argument that does not rely on evidence outside of the record and thus would be subject to 12(b)6 standard, namely that since the provision of supplies and personnel was discretionary under the Stafford Act, the defendant is immunized from any of the acts (or non-acts) arising therefrom. This argument is without merit, though for completeness, this Court responds in the margin. The discretionary function exception immunizes the United States from claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function." 28 U.S.C. § 2680(a). The exception applies to the actual duty or function to be performed, not the legal authority authorizing deployment. Adequate supervision and responsible use of a security canine is not a "judgment or choice" protected by the exception. *See U.S. v. Gaubert*, 499 U.S. 315, 322 (1991)(noting non-discretionary acts as "federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," because "the employee has no rightful option but to adhere to the directive.")

3

defendant produced an affidavit by Scott Whitted ("Whitted") to contest plaintiff's allegations. Whitted's affidavit declares that the federal government did not have police dogs in its custody or care in New Orleans on September 9, 2005.  Defendant seeks to prove plaintiff was not injured by a dog under federal custody based on Whitted's affidavit; thus, the Court must analyze the motion as one for summary judgment.

### B. Motion for Summary Judgment:

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n*., 497 U.S. 871,

871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

To constitute competent summary judgment evidence, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." *Thomas v. Atmos Energy Corp.*, 223 Fed.Appx. 369, 374 (5th Cir. 2007) (quoting Fed.R.Civ.P. 56(e)). In *Diamond Offshore Co.*, the Fifth Circuit held that the contested affidavits were competent summary judgment evidence because 1) the affiant had a position within the organization that would give him knowledge of the facts, 2) he stated that he had "personal knowledge of the facts stated therein," and 3) that he had actually reviewed the pertinent records in the case. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n. 13 (5th Cir. 2002).

In this case, the defendant submitted Whitted's affidavit to show that Plaintiff cannot prove an essential element of his case. Whitted asserts that as "Associate Legal Advisor for the Department of Homeland Security," he surveyed several DHS law enforcement agencies and concluded that none had dogs under their custody or care in New Orleans during September 2005. Rec. Doc.29, Ex. A.

The Court determines that the affidavit is not competent summary judgment evidence. First, Whitted does not have a position within DHS that would have given him knowledge about the use of police dogs in New Orleans. And, in contrast to *Diamond Offshore Co.*, Whitted did not personally review any of the pertinent records relating to whether DHS used dogs to help patrol New Orleans after Hurricane Katrina. Indeed, Whitted's assertions rely on the declarations

of unknown persons at the various DHS law enforcement units. Thus, Whitted does not have personal knowledge regarding any dogs under DHS's care, custody, or control following Hurricane Katrina. Furthermore, the pertinent contents of the affidavit constitute inadmissible hearsay. Specifically, paragraph 6 of the affidavit notes that one of Whitted's colleague talked with Border Patrol and the Coast Guard to determine whether they used police dogs. Clearly, the colleague's statement that there were no dogs under DHS's control in New Orleans is asserted for its truth; however, the statement itself runs afoul of Fed. R. Evid. 801. Therefore, defendant has failed to meet Fed.R.Evid. 56(e)'s requirements. Accordingly, a genuine issue of material fact exists regarding whether DHS had dogs in its care, custody, and control in New Orleans following Hurricane Katrina.

Defendant's motion (Rec. Doc. 29) is DENIED.

New Orleans, Louisiana, this 29th day of September, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**