UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT BRIDGES                                              CIVIL ACTION

VERSUS                                                      NO. 07-2987

UNITED STATES OF AMERICA                                    SECTION: "C" (4)

ORDER AND REASONS

Before the Court is Defendant's Motion to Renew Its Motion to Dismiss, Or in the Alternative, for Summary Judgment. (Rec. Doc. 42). Based on the arguments and evidence submitted by the United States, the applicable law, and the record, Defendant's Motion to Renew Its Motion to Dismiss is DENIED.

Defendant asks this Court to consider - for the third time and well after the deadline for such motions[1] - its arguments for dismissal or summary judgment. The defendant attempts to correct the inadmissible summary judgment evidence attached to its previous two motions by producing four declarations stating that specific agencies within Department of Homeland Security did not deploy canine units in New Orleans during the relevant time period.

For discussion of the background in this case and the applicable legal standards to defendant's motion to dismiss, see this Court's previous order. Order and Reasons, *Bridges v.*

---

[1] The Scheduling Order in this case required all pre-trial motions, including motions for summary judgment, to be filed in sufficient time to be heard no later than September 17, 2008. (Rec. Doc. 25) Defendant filed this renewed motion on October 8, 2008, well after the deadline. Trial is scheduled for November 10, 2008.

*United States of America*, Docket No. 07-2987, September 29, 2008 (Berrigan, J.).

As an initial matter, only one of the four declarations (Commander Shannon Gilreath) is sworn testimony and therefore only one would be considered admissible at trial. In addition, the content of several relevant statements is overly broad and in one case, still does not establish personal knowledge. Even if all four could be considered admissible evidence, the declarations could only establish at most that these agencies (or sub-agencies) did not themselves <u>deploy</u> canine units to the area. They do not eliminate the possibility that other agencies did deploy such units. Moreover, the declarations do not address plaintiff's argument that the Department of Homeland Security failed to properly monitor or supervise the use of such dogs. Accordingly, there remains a genuine issue of material fact as to whether or not the Department of Homeland Security had security canines under its care, custody and control in New Orleans following Hurricane Katrina.

Defendant's motion is DENIED. (Rec. Doc. 42).

New Orleans, Louisiana this 14th day of October, 2008.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**