UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT BRIDGES                                              CIVIL ACTION

VERSUS                                                       NO. 07-2987

UNITED STATES OF AMERICA                                     SECTION: "C" (4)

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. Rec. Doc. 55. Plaintiff opposes. Rec. Doc. 58. Considering the arguments of parties, the facts of the case, and the applicable law, this Court DENIES defendant's motion without prejudice for the reasons below.

## I.   BACKGROUND

In his petition, Robert Bridges ("Plaintiff") alleges that on September 9, 2005 he was walking on the sidewalk near Julia Street in New Orleans, Louisiana when he was attacked by a police dog. Plaintiff described the attack as unwarranted and unprovoked and he claims to have sustained injuries that required him to visit the emergency room.[1] After the Department of

---

[1] As a result, Plaintiff filed suit on June 8, 2006 alleging that the police officers, who were working under the authority of the Department for Homeland Security ("DHS"), deprived him of his privileges and immunities guaranteed by the Fourth, Fifth and Seventh Amendments of the United States Constitution. No. 06-2983. Plaintiff also sought damages for physical and mental pain, and his claims of excessive force, brutality, unlawful detainment, arrest and assault and battery under Louisiana tort law. The DHS responded by filing a motion to dismiss for lack of subject matter jurisdiction. This Court ruled that Plaintiff's constitutional claims against the DHS

Homeland Security denied his Federal Tort Claims Act claim, Plaintiff initiated this suit by filing a complaint.

The moving defendant asserts that Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6); and for failure to demonstrate a genuine issue of material fact under Fed. R. Civ. P. 56(e). The defendant claims it is entitled to judgment as a matter of law on because the United States Marshals Service, the agency alleged by Plaintiff to have custody of the dog, did not have any police dogs under their care, custody, or control in New Orleans at the time of the incident.

Plaintiff argues that "issues of material fact are yet to be determined." Rec. Doc. 58 at 3. In addition, he claims that sovereign immunity analysis must be performed by the trier of fact. Id.

## II.   LAW AND ANALYSIS

**A. Motion to Dismiss:**

Defendants seek a dismissal of the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the complaint. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). "[N]o

---

were barred by sovereign immunity. (06-2983, Rec. Doc. 13, p. 3). Additionally, the Court dismissed his claim without prejudice for failure to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*. ("FTCA"). *Id.* at 5. Plaintiff filed an administrative complaint with the DHS, which was denied on May 14, 2007. Plaintiff then filed his complaint in the instant matter.

presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez v. Department of Navy,* 392 F.3d 147, 149 (5th Cir. 2004).

"However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, the trial court must assume jurisdiction and proceed to the merits of plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id*; *see also Irwin v. U.S.*, 2007 WL 2727253, 2 -3 (N.D.Miss. 2007). In this case, defendant alleges plaintiff has not provided sufficiently particularized evidence of the tortfeasor to invoke this Court's jurisdiction under the FTCA. "[W]e follow our general rule in holding that a jurisdictional attack intertwined with the merits of an FTCA claim should be treated like any other intertwined attack, thereby making resolution of the jurisdictional issue on a 12(b)(1) motion improper." *Montez*, 392 F.3d at 150.

Nor is it proper to decide this motion under a Rule 12(b)(6) standard. In deciding a motion for failure to state a claim under 12(b)(6), "if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). In this case, the defendant produced plaintiff's deposition testimony, defendant's answers to plaintiff's second set of interrogatories, and a signed declaration by Michael Pyo to contest plaintiff's allegations. Defendant seeks to prove plaintiff was not injured by a dog under federal custody based on this evidence; thus, the Court must analyze the motion as one for summary judgment.

**B. Motion for Summary Judgment:**

Summary judgment is only proper when the record indicates that an absence of a

"genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

      Defendant failed to provide "competent summary judgment" evidence of an absence of a genuine issue of material fact sufficient to shift the burden to plaintiff. To constitute competent summary judgment evidence, "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." *Thomas v.*

4

*Atmos Energy Corp.*, 223 Fed.Appx. 369, 374 (5th Cir. 2007) (quoting Fed.R.Civ.P. 56(e)). In *Diamond Offshore Co.*, the Fifth Circuit held that the contested affidavits were competent summary judgment evidence because 1) the affiant had a position within the organization that would give him knowledge of the facts, 2) he stated that he had "personal knowledge of the facts stated therein," and 3) that he had actually reviewed the pertinent records in the case. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n. 13 (5th Cir. 2002). Plaintiff repeatedly testified that he was stopped on the street by unknown officers from the United States Marshals Service. *See e.g.*, Rec. Doc. 55-3 at 4-5. Defendant urges the Court to consider the government's answer to plaintiff's second set of interrogatories and the unsworn declaration of Michael Pyo, Chief Inspector of the Explosives Detection Canine Program for the United States Marshals Service, as evidence that the United States Marshals Service did not have any dogs under its custody or control on September 9, 2005.

In this case, counsel for the United States Marshals Service swore that the interrogatory answers were correct to the best of her knowledge. Rec. Doc. 55-4 at 5. Counsel, however, lacks personal knowledge of relevant events and does not occupy a position from which it can be assumed she has knowledge of the relevant events. Nor can defendant rely on the declaration of Michael Pyo. Rec. Doc. 55 at 1. The declaration is not sworn, either by notary or under the provisions of 28 U.S.C. § 1746. Except for this deficiency, the declaration would have complied with *Diamond Offshore Co.* standard.

Since defendant has failed to sustain their initial burden to demonstrate an absence of a genuine issue of material fact, it is unnecessary for this Court to address plaintiff's arguments or evidence.

### III.    CONCLUSION

Accordingly,

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is DENIED WITHOUT PREJUDICE to re-urging based on competent summary judgment evidence no later than June 19, 2009.

New Orleans, Louisiana, this 11th day of June, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**