UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBERT BRIDGES                                                CIVIL ACTION

VERSUS                                                        NO. 07-2987

UNITED STATES OF AMERICA                                      SECTION: "C" (4)

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Re-Urge its Motion to Dismiss, or in the Alternative, for Summary Judgment. (Rec. Doc. 62.) Plaintiff has not submitted an opposition. Considering the arguments of parties, the facts of the case, and the applicable law, this Court GRANTS defendant's motion for the reasons below.

**I.     BACKGROUND**

In his petition, Robert Bridges ("Plaintiff") alleges that on September 9, 2005 he was walking on the sidewalk near Julia Street in New Orleans, Louisiana when he was attacked by a police dog. Plaintiff described the attack as unwarranted and unprovoked and he claims to have sustained injuries that required him to visit the emergency room.[1] After the Department of

---

[1]As a result, Plaintiff filed suit on June 8, 2006 alleging that the police officers, who were working under the authority of the Department for Homeland Security ("DHS"), deprived him of his privileges and immunities guaranteed by the Fourth, Fifth and Seventh Amendments of the United States Constitution. No. 06-2983. Plaintiff also sought damages for physical and mental pain, and his claims of excessive force, brutality, unlawful detainment, arrest and assault and battery under Louisiana tort law. The DHS responded by filing a motion to dismiss for lack of subject matter jurisdiction. This Court ruled that Plaintiff's constitutional claims against the DHS

Homeland Security denied his Federal Tort Claims Act claim, Plaintiff initiated this suit by filing a complaint.

Defendant previously moved for dismissal or in the alternative summary judgment. (Rec. Doc. 55.) The Court denied defendant's motion without prejudice to re-urging because defendant failed to provide this Court with competent summary judgment evidence. (Rec. Doc. 61.) Defendant now renews his motion with properly authenticated evidence attached.

The moving defendant asserts that Plaintiff's claims should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6); and for failure to demonstrate a genuine issue of material fact under Fed. R. Civ. P. 56(e). The defendant claims it is entitled to judgment as a matter of law on because the United States Marshals Service, the agency alleged by Plaintiff to have custody of the dog, did not have any police dogs under their care, custody, or control in New Orleans at the time of the incident.

## II. LAW AND ANALYSIS

**A. Motion to Dismiss:**

Defendants seek a dismissal of the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Motions submitted under Rule 12(b)(1) allow a party to challenge the court's subject matter jurisdiction based upon the allegations on the face of the

---

were barred by sovereign immunity. (06-2983, Rec. Doc. 13, p. 3). Additionally, the Court dismissed his claim without prejudice for failure to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*. ("FTCA"). *Id.* at 5. Plaintiff filed an administrative complaint with the DHS, which was denied on May 14, 2007. Plaintiff then filed his complaint in the instant matter.

complaint. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996). "[N]o presumptive truthfulness attaches to the plaintiff's allegations [under a 12(b)(1) challenge], and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez v. Department of Navy,* 392 F.3d 147, 149 (5th Cir. 2004).

"However, where issues of fact are central both to subject matter jurisdiction and the claim on the merits, the trial court must assume jurisdiction and proceed to the merits of plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id*; *see also Irwin v. U.S.*, 2007 WL 2727253, 2 -3 (N.D.Miss. 2007). In this case, defendant alleges plaintiff has not provided sufficiently particularized evidence of the tortfeasor to invoke this Court's jurisdiction under the FTCA. "[W]e follow our general rule in holding that a jurisdictional attack intertwined with the merits of an FTCA claim should be treated like any other intertwined attack, thereby making resolution of the jurisdictional issue on a 12(b)(1) motion improper." *Montez*, 392 F.3d at 150.

Nor is it proper to decide this motion under a Rule 12(b)(6) standard. In deciding a motion for failure to state a claim under 12(b)(6), "if matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). In this case, the defendant produced plaintiff's deposition testimony, defendant's answers to plaintiff's second set of interrogatories, and a signed declaration by Michael Pyo to contest plaintiff's allegations. Defendant seeks to prove plaintiff was not injured by a dog under federal custody based on this evidence; thus, the Court must analyze the motion as one for summary judgment.

**B. Motion for Summary Judgment:**

3

Summary judgment is only proper when the record indicates that an absence of a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

Defendant relies primarily on the sworn and notarized "declaration" of Michael Pyo. (Rec. Doc. 62-5). Michael Pyo is employed by the United States Marshals Service in the Explosives Detection Canine Unit and based on his personal knowledge, testifies that the United States Marshals Service did not "have, deploy, or dispatch any canines to New Orleans during

the aftermath of Hurricane Katrina, including the dates of August 28, 2005 through September 9, 2005." (Rec. Doc. 62-5 at 2.) Plaintiff fails to provide any affirmative evidence demonstrating a genuine issue of material fact that the United States Marshals Service did have custody or control over canines at the time of the incident.[2] Therefore, plaintiff has failed to sustain his burden and summary judgment must be granted.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Re-Urge its Motion to Dismiss, or in the Alternative, for Summary Judgment. ( Rec. Doc. 62) GRANTED. **As this Court has concluded defendant is entitled to summary judgment, plaintiff's complaint is hereby DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 6th day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] Even plaintiff's opposition to defendant's previous motion to dismiss failed to adduce any affirmative and countervailing evidence. Moreover, although plaintiff's claim has previously survived multiple attempts at dismissal, the record in this case is completely devoid of any affirmative evidence to support plaintiff's claims. Instead, defendant's motions were denied primarily on technical insufficiencies or based on plaintiff's requests for additional discovery.

5